IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DESTINEE JACKLYN CARRILLO,

    Plaintiff,

v.                                                                         No. 1:19-cv-00029-JB-KBM

STATE OF NEW MEXICO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**

    **THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 14, 2019.

    The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security

for costs...." *See Adkins* v. E.I. *DuPont* de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and stated: (i) her average monthly income amount during the past 12 months was $422.00; (ii) she does not expect any income next month; (iii) her monthly expenses total $400.00; (iv) she has $37.83 in cash and no money in bank accounts; and (v) two children rely on her for support. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because she signed an affidavit declaring that she is unable to pay the costs of these proceedings and because of her low monthly income.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time because Plaintiff has not provided the Court with the Defendants' addresses. The Court will order service after the Court reviews the Complaint pursuant to 28 U.S.C. § 1915(e)(2) if Plaintiff files a motion for service which includes the Defendants' addresses.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 14, 2019, is **GRANTED.**

_____
**KAREN B. MOLZEN
UNITED STATES MAGISTRATE JUDGE**