# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DESTINEE JACKLYN CARRILLO,

    Plaintiff,

vs.                                                                                                    No. CIV 19-0029 JB\KBM

STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH AND FAMILIES DEPARTMENT; MARIA MORALES; DIEDRE MALLON; SHONDREA PERDUE; ASHLEY WILLIAMS; DEPUTY FNU CASATO; CYNTHIA TESSMAN; SASHA INGMAN; RANEA RICHARDS CHARNEY; JULIE PARRA; WILLIAM PARNELL, and MARY DARKANGELES,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff Destinee Jacklyn Carrillo's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 14, 2019 (Doc. 1)("Complaint"). Carrillo appears pro se. The primary issue is whether the Complaint states a claim on which relief may be granted. For the reasons set out below, the Court will dismiss this case without prejudice for failure to state a claim on which relief may be granted.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint. The Court provides these facts for background. It does not adopt them as truth, and it recognizes that these facts are largely Carrillo's version of events.

**Defendant Maria Morales**

Morales is a "CYFD[1] Child Abuse Investigator," who "removed [Carrillo's] children with no court ordered warrant." Complaint at 1. Morales "fabricated statements to illegally gain custody" and "failed to follow the scope of her job intentionally, neglected her duties, and lied to obtain foster funds." Complaint at 1. Additionally, Morales "used [Carrillo's] new evidence against [Carrillo], although it was outdated used it to fabricate false statements with no supporting evidence, on 11/1/18 to illegally gain custody." Complaint at 2. Morales "neglected her duties, and neglected procedures relevant to eligibility for foster children. She failed to prevent Removal [sic], in no way did she attempt reasonable efforts to return the children to family." Complaint at 2. Carrillo alleges that "[n]o notices were sent out to family for custody" and that Morales "failed/neglected parents['] suggestion for safety monitors even though [Carrillo] is the original reporter of abuse, which entitles [Carrillo] to immunity for Reporting the abuse." Complaint at 2.

**Defendant Diedre Mallon**

Mallon is a "CYFD Supervisor." Complaint at 4. Mallon "condoned, and approved Maria Morales['] actions despite All [sic] of their jobs to protect our constitutional rights. [Mallon] blamed [Carrillo] for [Carrillo's] children being molested, made rude comments, Along [sic] with [Morales] Removed [sic] [Carrillo's] children w[ith] no court order, and to avoid her duties conspired w[ith] [Morales]." Complaint at 4.

**Defendant Shondrea Perdue**

Perdue is a "CYFD Permanency Case Worker." Complaint at 5. Perdue

---

[1]CYFD stands for the New Mexico Children, Youth & Families Department. See CYFD, https://cyfd.org/ (last visited May 29, 2019).

lacked the adequate skills and training for her position. She constantly rescheduled meetings, and appointments. She has constant issues with communication! She's very disorganized, lacks professionalism, and fails to be accurate on responsibi[li]ties or deadlines. After advising [Perdue] of violations, she refused to listen, and failed to protect my children[] and I. Our constitutional rights. My case has regressed and [I] beli[e]ve to the best of my knowledge she is acting out of retaliation to [my] holding her responsible for her job.

Complaint at 5.

**Defendant Ashley Williams**

Williams is a "CYFD Supervisor." Complaint at 5. "Williams condoned, conspired and approved [Perdue's] behavior/actions and failed to enforce state law pertaining to child abuse & neglect cases." Complaint at 5.

**Defendant Deputy FNU Casato**

Casato is a "Bernallio [sic] County Sherriff." Complaint at 5. Casato "intentionally, knowedlegdbly [sic], neglegently [sic], and illegally removed [Carrillo's] children with no court order and tranferred [sic] custody to CYFD Maria Morales to commit more civil rights violations." Complaint at 5.

**Defendant Cynthia Tessman**

Tessman's "job is to represent the court in the best interests of the children[']s well being, rather then [sic] the State[']s best interest." Complaint at 5. Tessman

> conspired with all the above defendants to violate my familes [sic] constitutional right(s)[,] filed motions, encouraged fabricated allegations[,] participated and illegally, and knowingly condoned and approved of all behaviors of the above mentioned CYFD Employees. . . . She failed to obtain any discovery on anything, she has admissions certification to the state bar, but yet did not follow state law, she violated state law, nobody will do anything and she is still currently violating fundamental liberties that we as citizens (and humans) are entitled to.

Complaint at 5.

**Defendant Sasha Ingman**

Ingman is a "Guardian Ad litem for CYFD." Complaint at 6. Ingman

> has the highest duty to protect [Carrillo's] children[']s well being at all times, including but not limited to, investigating and determine the needs of Abused/neglected [sic] children. The children had disclosed abuse in the foster home but failed to act on behalf of the children. . . . On 12/11/18, the Adjudication [sic] was commenced and continued, but Sasha Ingman did not show for trial. She failed her highest duty and should possibly be evaluated, for misconduct. It was very disapointing [sic] to have state assigned guardians fail the children. [Ingman] acted out of the scope of her job by being a no show, which raises questions to the beginning and remainding [sic] job duties she was responsible for.

Complaint at 6.

**Defendant Ranea Richards Charney**

Ms. Charney is Carrillo's "Court Appointed attorney." Complaint at 6. Charney

> failed to provide discovery, her position was bias[ed] due to the fact, Ms. [Charney's] daughter Aspen Charney is a foster child at 17 years old, and was kicked out to live on the streets. Aspen mentions she is still involved with CYFD, and her mom [Ms. Charney] still obtains foster funds for her . . . . [Ms. Charney] failed to file motions timely for dismissal, she lacked communication, she informed me I would not get my children back unless I took a plea, because William Parnell (judge) is moody and prefers when defendants take pleas. Charney was a no show on 12/11/18, and failed to withdraw her counsel from the record. [Ms. Charney] had duties to her clients but failed horribly. After review of her duties and job scope, I will be filing a complaint with the disciplinary board. Ineffective Assistance of Counsel. [Ms. Charney] lacks professional behavior and possibly knowledge for procedures. If she is fully Qualified [sic] for the scope of her job, it must have been a no show out of incompetency, and conflict but additionally failed [Carrillo] as her client.

Complaint at 6.

**Defendant Julie Parra**

Parra is a "District Court Clerk." Complaint at 7. Parra

> reviewed and endorsed Maria Morales, and Cynthia Tessman[']s fabricated statements to obtain custody of my children illegally. After filing motions to dismiss, I spoke with [Parra] about setting a hearing date. I discussed with her my

- 4 -

Entire [sic[ situation, and issues.  As well as the importance of the hearing date regarding my case.  The delay was my biggest concern.  Considering the Rule for adjudication timelines had passed, I demanded an expedited hearing.  Parra refused, and said she'll get to it when she can.  Parra was contributing to the delay, and did nothing to help my children[']s and I Constitutional Rights being violated, if anything was a part of these illegal bias[ed] acts of the state of New Mexico.

Complaint at 7.

**Defendant William Parnell**

Judge Parnell is a "Children[']s Court Judge."  Complaint at 6.  Parnell's

impartiality is questioned due to the fact he allowed state law violations, illegal behavior from All employees stated above, failed to dismiss CYFD petition after Removing [sic[ counsel, entry of appearance, and motins [sic] to Revoke/dismiss based off 32A-4-19, 32A-4-24(D), NM Civil Procedure Rule J2(c) 1991, NM 27-7-27 Article 19 section 32A-19-1, 32A-4-5.  Two weeks (14 days) Parnell has Refused [sic] to dismiss or set a hearing date for the criteria stated above.

Complaint at 6.

**Defendant Mary Darkangeles**

Ms. Darkangeles is a "Court Appointed Attorney."  Complaint at 7.

Hearsay, is she agreed to handle my case due to Charney[']s absence.  I struggled to obtain information of contact for [Darkangeles] for 3 days.  [F]inally after getting the correct contact info I spoke with [Darkangeles], and she stated "I doubt you[']ll get your kids back."  Unneccessary [sic] comments, also stated that she has no idea of any aspect, and that she has not entered appearance so she doesn't know what[']s going on. . . .  She has failed [Carrillo] as her potential client, and has violated [Carrillo's] Rights for effective assistance of counsel.

Complaint at 7.

## **LAW REGARDING PRO SE LITIGANTS**

When a party proceeds pro se, a court construes his or her pleadings liberally, and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994)(citing Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## LAW REGARDING IN FORMA PAUPERIS COMPLAINTS

The court has discretion to dismiss an in forma pauperis complaint sua sponte pursuant to 28 U.S.C. § 1915 "at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2) The court also has discretion to dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d at 1110 (internal quotation marks omitted)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). To survive dismissal under rule 12(b)(6), a plaintiff must allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). In the context

of a pro se complaint, the court applies the same legal standards that apply to pleadings that counsel draft, but liberally construes the complaint's allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

The court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atl. Corp. v. Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d at 1110 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d at 365). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), a court may dismiss a complaint at any time if the court determines the action fails to state a claim for relief, or is frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). See Hall v. Bellmon, 935 F.2d at 1109. "[T]he authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based

solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992)(quoting Neitzke v. Williams, 490 U.S. at 327). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials that the parties filed, as well as court proceedings subject to judicial notice. See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, a court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d at 1520-21. Given that the same legal standards apply to all litigants, a pro se plaintiff must abide by the applicable rules of court. See Ogden v. San Juan Cty., 32 F.3d at 455. A court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. See Hall v. Bellmon, 935 F.2d at 1110. Nor may the court "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

## **LAW REGARDING RULE 12(b)(6)**

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to

dismiss." (second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.)(quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). See Bell Atl. Corp. v. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these

claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(citation omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions. First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss. See Robbins v. Oklahoma, 519 F.3d at 1247; Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)). Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the complaint's face. See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), . . . a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish. See 5 Charles Alan Wright et al., Federal Practice and Procedure: Civil § 1277, at 643 (3d ed. 2004). If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union Pac. R. Co.,

225 F.2d 272, 273-75 (10th Cir. 1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute. The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense). It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage-- by refraining from pleading specific or identifiable dates. See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006). Although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice. See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

## ANALYSIS

The Complaint does not state a civil rights claim for relief under § 1915(e)(2)(B). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of state law that result in a deprivation of rights that the Constitution of the United States of America secures. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. at 570. Under rule 12(b)(6), the court must accept all well-pled

factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atl. Corp. v. Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d at 1190.

Carrillo makes general allegations that certain Defendants committed "more civil rights violations," "violated my famil[y's] constitutional rights," "did nothing to help [prevent] my children[']s and [my] constitutional rights [from] being violated," and "conspired with all the above defendants to violate my famil[y's] constitutional rights." Complaint at 5, 7. The Court, however, is not required to accept such "conclusory, unsupported allegations." Bell Atl. Corp. v. Twombly, 550 U.S. at 555. Carrillo's more specific allegations, for example that certain Defendants "condoned" certain actions, "made rude comments," "lacked adequate skills," "failed to enforce state laws," "failed to obtain any discovery," "failed to file motions," "fabricated statements," do not indicate conduct that rises to the level of a constitutional violation. Complaint at 4-7. See 42 U.S.C. § 1983; Guttman v. Khalsa, 669 F.3d 1101, 1115 (10th Cir. 2012)("[A]lleged state law deficiencies, even if we accept them as true, do not signify an unconstitutional denial of process.").

**IT IS ORDERED** that: (i) this case is dismissed without prejudice; and (ii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Destinee Carrillo
Albuquerque, New Mexico

    *Plaintiff pro se*